IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PASSER,

      Plaintiff,                            No. CIV S-08-2792 DAD P

    vs.

DR. STEEVERS, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants Dr. Steevers, Dr. Sabin, Nurse Jane Doe 3, Correctional Officer Azevedo, Correctional Sergeant John Doe 5, Correctional Officer Coleman, Custody Counselor John Doe 7, Correctional Officer Rosales, Clinician Werth, Clinician Durbin, former Warden Sue Hubbard, Warden Mike Knowles, Dr. John Doe 11, Dr.

/////

John Doe 12, and Dr. Liou. Aside from former Warden Hubbard, all of the defendants appear to be employed at California Medical Facility ("CMF"). (Compl. at 2-7.)

Plaintiff's complaint alleges as follows. In November 2005, plaintiff was incarcerated at CSP-Los Angeles. While playing softball, a fellow inmate "ran over" him injuring his arm. CSP-Los Angeles did not have a working x-ray machine, so plaintiff only received an arm sling with instructions not to move his left elbow. Subsequently, plaintiff transferred to CMF where medical staff took an x-ray of his left elbow revealing that plaintiff had suffered a fracture. (Compl. at 7-8.)

Plaintiff alleges that defendants have repeatedly denied him adequate medical care at CMF. In addition to his fractured elbow, plaintiff claims that he suffered a knee injury while playing basketball and a neck injury after falling from his upper bunk. Plaintiff claims that he informed defendants of his injuries as well as the pain that he was experiencing. He also repeatedly requested a lower-bunk chrono after falling from his upper bunk on several other occasions, injuring his back, right shin and right groin. Plaintiff alleges that the defendants often ignored his medical needs and only provided him with a knee sleeve, occasional pain medication and encouraged him to do physical therapy. (Compl. at 8-13.)

Plaintiff alleges that when he finally underwent an MRI for his knee he learned that he had a torn meniscus. The surgeon informed him that his ACL was forever stretched, so his knee would be susceptible to future injury. The surgeon also told plaintiff that arthritis had developed behind the knee cap. Plaintiff alleges that his right knee is still unstable and that he is in perpetual pain. (Compl. at 14-20.)

Plaintiff also claims that when his neck was finally x-rayed, he learned that he suffered from a narrowing of discs C5-6 and C6-7. He received epidural injections for his neck pain as well as surgery at UCSF to remove the discs. Plaintiff alleges that he still experiences pain behind his left shoulder and loss of mobility in his neck. He also alleges that his Adam's apple moves to the left whenever he swallows. (Compl. at 15-20.)

Based on these allegations, plaintiff claims that defendants have violated his constitutional rights under the Eighth Amendment and Fourteenth Amendment and seeks declaratory relief and monetary damages. (Compl. at 1 & 20-21.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. For the reasons explained in more detail below, the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff files an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form complaint designated for that purpose. Throughout his complaint, plaintiff has confusingly referred to some of the defendants, including defendants he has also identified by name in the "Parties" section of his complaint, as a John Doe or Jane Doe. Plaintiff is advised that the use of "John Doe" or "Jane Doe" defendants is reserved for situations where the defendant's name is not yet known but is likely to be determined in a timely manner through preliminary discovery. If plaintiff knows the defendant's name, he should refer to him or her by name. Plaintiff is also advised that, as a general rule, the use of 'John Doe' to identify a defendant is not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The court cannot order service of a complaint on defendants not actually identified by name.

If plaintiff elects to proceed with this action by filing an amended complaint, he is advised of the following legal standards that govern his claims. First, with respect to plaintiff's

Eighth Amendment claim, the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In an amended complaint, plaintiff must allege facts demonstrating how the defendants' actions rose to the level of deliberate indifference. Plaintiff must also allege in specific terms how each defendant was involved in the denial of his medical care. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As to plaintiff's Fourteenth Amendment claim, although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Therefore, in any amended complaint, plaintiff should clarify the nature of his Fourteenth Amendment claim. Inadequate medical care claims are properly raised and analyzed under the Eighth Amendment. To the extent that plaintiff wishes to bring a separate Fourteenth Amendment claim, he should clearly state whom such a claim is brought against as well as the basis for the claim.

/////

1    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 20, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: December 10, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pass2792.14a

7