IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PASSER,

    Plaintiff,                            No. CIV S-08-2792 DAD P

    vs.

DR. STEEVERS, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. By order filed December 11, 2008, plaintiff's complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint.

        The court finds that plaintiff's amended complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Burt, Sabin, and Steevers. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        The court also finds that plaintiff's amended complaint fails to state cognizable claims for relief against defendants Azevedo, Coleman, Hubbard, Durbin, Rosales, and Werth. As the court previously advised plaintiff, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In his amended complaint, plaintiff has failed to allege an actual connection or link between the actions of these defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In addition, plaintiff has failed to allege facts demonstrating how these defendants' actions rose to the level of deliberate indifference or imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) ("Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."). Accordingly, the court will not order service of plaintiff's amended complaint on these defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the amended complaint is appropriate for the following defendants: Burt, Sabin, and Steevers.

2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet, and a copy of the amended complaint filed January 7, 2009.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Four copies of the amended complaint filed January 7, 2009.

4. Plaintiff shall not attempt to effect service of the amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 6, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pass2792.1am

|     |                                                          |
| --: | -------------------------------------------------------- |
| 1   |                                                          |
| 2   |                                                          |
| 3   |                                                          |
| 4   |                                                          |
| 5   |                                                          |
| 6   |                                                          |
| 7   |                                                          |
| 8   | IN THE UNITED STATES DISTRICT COURT                      |
| 9   | FOR THE EASTERN DISTRICT OF CALIFORNIA                   |
| 10  | ANTHONY PASSER,                                          |
| 11  |      Plaintiff,          No. CIV S-08-2792 DAD P |
| 12  |    vs.                                    |
| 13  | DR. STEEVERS, et al.,      NOTICE OF SUBMISSION |
| 14  |      Defendants.        OF DOCUMENTS |
| 15  | _____/ |
| 16  |      Plaintiff hereby submits the following documents in compliance with the court's |
| 17  | order filed _____ : |
| 18  |     \_\_\_\_  one completed summons form; |
| 19  |     \_\_\_\_  three completed USM-285 forms; and |
| 20  |     \_\_\_\_  four true and exact copies of the amended complaint filed January 7, 2009. |
| 21  | DATED: _____ .           |
| 22  |                                                          |
| 23  |                                                 _____ |
| 24  |                                                   Plaintiff |
| 25  |                                                          |
| 26  |                                                          |