IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PASSER,

        Plaintiff,                    No. 2:08-cv-2792 KJN P

    vs.

DR. STEEVERS, et al.,

        Defendants.            ORDER

_____/

        On September 14, 2010, the district judge adopted the undersigned's findings and recommendations, thereby authorizing (but not requiring) plaintiff to file, within thirty days, a Second Amended Complaint. (Dkt. Nos. 32, 33.) The next day, on September 15, 2010,[1] plaintiff filed a motion to compel discovery and a motion for appointment of counsel. (Dkt. Nos. 34, 35.)

        Plaintiff's discovery motion is premature. Should plaintiff choose to proceed on the currently operative complaint and not to file a Second Amended Complaint, then after

---

[1] Although the court docket indicates filing dates of September 15, 2010, September 5, 2010 is the date on which petitioner signed and delivered his motions to prison officials for mailing. (See Dkt. No. 34, at 3, and Dkt. No. 35, at 6.) Pursuant to the mailbox rule, September 5, 2010, is considered the operative filing date of plaintiff's motions. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1

expiration of the thirty-day deadline the court will issue an order setting forth the requirements for conducting discovery in this case.  Plaintiff's discovery motion is therefore premature and must be denied without prejudice.  However, all parties are cautioned that they will be required, in conducting discovery, to comply with the Federal Rules of Civil Procedure, including Rule 26, which requires each party to provide, early in the case, all pertinent initial disclosures.  Cursory review of plaintiff's motion demonstrates that the information and documents he seeks are probably subject to the initial disclosure requirements.

Plaintiff also moves for appointment of counsel.  Plaintiff states that he indigent, has a limited knowledge and understanding of the law, has attempted unsuccessfully to obtain counsel, and that counsel would be more effective at presenting evidence and cross-examining witnesses.  However, the challenges faced by plaintiff are not dissimilar to those faced by most prisoners pursuing civil rights actions.

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); Franklin v.Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of  exceptional circumstances requires a likelihood that plaintiff will succeed on the merits of his action coupled with a limited ability to articulate his claims "in light of the complexity of the legal issues involved." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (fn. omitted),

The court does not find the required exceptional circumstances in the instant case.  While there may be some likelihood of success on the merits of plaintiff's claims, plaintiff has

1 ably demonstrated an ability to adequately present his claims, including those pertinent to the
2 instant matters.  The court therefore finds that appointment of counsel is not warranted at this
3 time.
4         Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:
5         1.  Plaintiff's motion to compel discovery (Dkt. No. 34) is denied without
6 prejudice; and
7         2.  Plaintiff's motion for appointment of counsel (Dkt. No. 35) is denied without
8 prejudice.
9         SO ORDERED.
10 DATED:  September 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pass2792.premature.disc