1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PASSER,

11           Plaintiff,                    No. 2:08-cv-2792 MCE KJN P

12        vs.

13   DR. STEEVERS, et al.,                 ORDER

14           Defendants.

15   _____/

16           Plaintiff is a state prisoner, incarcerated at California Medical Facility ("CMF"),

17   who proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to

18   42 U.S.C. § 1983.  Plaintiff challenges the quality of his medical care, commencing with his

19   transfer to CMF in February 2005, shortly after breaking his elbow at California State Prison-

20   Lancaster.  Plaintiff alleges that defendants failed to timely authorize and implement a low bunk

21   chrono, causing plaintiff to repeatedly fall in attempting to navigate his high bunk, and resulting

22   in further injuries to plaintiff, particularly to his neck and knee, which the medical defendants

23   allegedly treated with deliberate indifference.

24           By findings and recommendations filed August 10, 2010, and order filed

25   September 14, 2010, the court denied defendants' motion to dismiss this action, and granted

26   plaintiff leave to file a Second Amended Complaint, subject to the following limitations.  (Dkt.

1

1   Nos. 32, 33.)  The court found that plaintiff stated cognizable Eighth Amendment claims for

2   deliberate indifference to his serious medical needs against defendant Dr. Burt (regarding his

3   alleged treatment of plaintiff's neck and knee injuries, upon becoming plaintiff's treating

4   physician in November 2006), and against defendant Dr. Sabin (who commenced treating

5   plaintiff in December 2006, and allegedly declined to prescribe plaintiff pain medication for his

6   neck injury).  Plaintiff was granted leave to amend his complaint to add an Eighth Amendment

7   claim against  Dr. Alchek (the first physician to examine plaintiff after his June 2006 fall, and

8   thus the first to assess plaintiff's neck injury, and the alleged exacerbation of his knee injury).

9   Plaintiff has done so in the Second Amended Complaint.  Plaintiff was also granted leave to

10  amend his complaint to add any defendants who were "directly responsible for the failure of

11  plaintiff to timely obtain a lower bunk, especially to the extent that any such individual allegedly

12  disregarded a medical order or recommendation to assign plaintiff to a lower bunk."  (Dkt. No.

13  32 at 17.)

14          The court now reviews plaintiff's Second Amended Complaint, filed November

15  12, 2010.[1]  (Dkt. No. 41).  Plaintiff has identified sixteen defendants by name and "Does 1

16

17          [1]  This court is required to screen complaints brought by prisoners seeking relief against a
    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
18  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
19  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
20  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
21  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
23  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
24  1227.
            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
25  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

                                            2

1   through 100."

2          As this court earlier found in assessing plaintiff's Amended Complaint (Dkt. No.

3   8 at 2), the allegations of plaintiff's Second Amended Complaint again state cognizable Eighth

4   Amendment claims against Dr. Steevers.  However, Dr. Steevers was dismissed from this action

5   by the magistrate judge previously assigned this case (Dkt. No. 25), upon plaintiff's invited

6   request to voluntarily dismiss this defendant (Dkt. Nos. 15, 24), after attempted service of

7   process by the United States Marshal proved unsuccessful (Dkt. No. 14).  The court construes

8   plaintiff's inclusion of Dr. Steevers in his Second Amended Complaint, particularly in response

9   to this court's directive that plaintiff "name those individuals responsible for making,

10  implementing and enforcing bunk assignments within his housing unit during the relevant

11  period" (Dkt. No. 32 at 14-15), as a motion for reconsideration of this court's order dismissing

12  Dr. Steevers.

13          "[W]hen a district court grants voluntary dismissal under Federal Rule of Civil

14  Procedure 41(a), a plaintiff normally has neither the reason nor the right to appeal the dismissal

15  because the plaintiff has received the relief it requested."  Chavez v. Illinois State Police, 251

16  F.3d 612, 654 (7th Cir. 2001) (citation and internal quotations marks omitted).  Motions to

17  reconsider are directed to the sound discretion of the court.  Frito-Lay of Puerto Rico, Inc. v.

18  Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981).  Local Rule 78-230(k) requires that a party

19  seeking reconsideration of a district court's order must demonstrate "what new or different facts

20  or circumstances are claimed to exist which did not exist or were not shown upon such prior

21

22  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
    than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
24  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
    U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
25  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
    as true the allegations of the complaint in question, id., and construe the pleading in the light
26  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

                                        3

1  motion, or what other grounds exist for the motion; and why the facts or circumstances were not

2  shown at the time of the prior motion." E.D. Cal. L. R. 78-230(k) (3) and (4) (internal numbers

3  omitted). This rule derives from the "law of the case" doctrine, which provides that  decisions on

4  legal issues made in a case "should be followed unless there is substantially different evidence . .

5  . new controlling authority, or the prior decision was clearly erroneous and would result in

6  injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981).

7          In his Second Amended Complaint, plaintiff alleges that he was first examined by

8  Dr. Steevers in April 2005, when he allegedly denied plaintiff's request for a lower bunk. (SAC

9  ¶ 29.) Plaintiff alleges that Dr. Steevers again denied plaintiff's request for a lower bunk after

10  plaintiff fell from his upper bunk in January 2006. (Id. ¶¶ 30-31.) Plaintiff alleges that, on April

11  12, 2006, Dr. Steevers again refused plaintiff's request for a lower bunk. (Id. ¶ 35.) Plaintiff

12  alleges that, in the interim, on March 8, 2006, and again on March 27 and April 12,  2006, Dr.

13  Steevers ordered a "knee sleeve" for plaintiff's right knee injury sustained on March 1, 2006, but

14  plaintiff did not receive the "sleeve" until four months later. (Id. ¶¶ 33-36.)  On June 2, 2006,

15  plaintiff sustained a significant fall from his upper bunk, sustaining injuries to his neck, head,

16  back, knee, groin and hip. (Id. ¶¶ 37-38.) Plaintiff alleges that, on June 5, 2006, he again

17  requested a low bunk assignment from Dr. Steevers, but the request was again denied. (Id. ¶

18  43.) Plaintiff alleges that it was not until June 30, 2006, that Dr. Steevers issued plaintiff a low

19  bunk chrono. (Id. ¶ 44.) Plaintiff alleges that in August, September, and November 2006, Dr.

20  Steevers was again deliberately indifferent to plaintiff's serious medical needs. (Id. ¶¶ 47-51.)

21          Based upon plaintiff's allegations in his Second Amended Complaint, Dr.

22  Steevers is a potentially critical party to this action.  The undersigned finds that the dismissal of

23  Dr. Steevers, without according plaintiff further opportunity to ascertain his whereabouts for

24  purposes of service of process, so undermines the merits, if any, of plaintiff's action as to be

25  potentially unjust.  Plaintiff has continued to investigate and clarify the salient facts underlying

26  his case, and now more fully identifies, in his Second Amended Complaint, the pertinent facts

4

1  supporting his claims against Dr. Steevers.  In fairness to plaintiff, the court will reinstate Dr.

2  Steevers as a defendant in this action, and direct the Attorney General to attempt to identify Dr.

3  Steevers' current address, which may be submitted under seal; if such address is provided, the

4  court will direct the United States Marshal to serve process on Dr. Steevers.[2]

5         The court also finds that plaintiff states potentially cognizable claims against

6  physicians Dr. Mehta (the CMF physician who examined plaintiff upon his admission to CMF in

7  February 2005, who allegedly declined to assign plaintiff to a lower bunk despite noting that

8  plaintiff's left elbow had healed improperly, resulting in reduced strength and range of motion

9  (SAC ¶¶ 26-27)); and correctional officers Coleman, Rosales, and Azevedo ("Housing Officers"

10 who allegedly refused to timely honor, until July 13, 2006, plaintiff's "temporary" (handwritten)

11 low bunk chrono issued by Dr. Alchek on June 2, 2006, and Dr. Steevers on June 30, 2006 (SAC

12 ¶¶ 39-45), and the "official" low bunk chrono plaintiff received on July 3, 2006 (id. at ¶ 45).

13        Finally, the court finds that the Second Amended Complaint states a potentially

14 cognizable claim against the correctional officer who allegedly opposed plaintiff's assignment to

15 a low bunk at an Interdisciplinary Treatment Team meeting convened sometime between January

16 and March 2006, despite advocacy for such placement by plaintiff's mental health care clinicians.

17 (SAC ¶ 32.)  The court designates this defendant "Doe 1," and directs the Attorney General to

18 identify this correctional officer, if possible, for purposes of authorizing service of process.

19        The court finds that plaintiff's Second Amended Complaint fails to state

20 cognizable claims for relief against any other defendants, whether identified by name, or as a

21 "Doe" defendant.  There can be no liability under Section 1983 absent an affirmative link

22 between a defendant's alleged misconduct and the claimed deprivation.  Rizzo v. Goode, 423

23

24        [2] The undersigned recognizes that plaintiff previously agreed to the dismissal of Dr.
   Steevers due to the inability to have him served with process, and the ultimate outcome may yet
25 be the same result.  However, in light of the allegations in plaintiff's Second Amended
   Complaint the undersigned believes that plaintiff should be given another opportunity regarding
26 that service issue.

1  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

2  F.2d 740, 743 (9th Cir. 1978).

3          The court also finds that plaintiff's Second Amended Complaint fails to state

4  cognizable claims pursuant to his first three causes of action.  The comprehensive record contains

5  no evidence or averment that plaintiff timely filed a state tort claim in support of his first and

6  second causes of action (state law claims for professional negligence and intentional infliction of

7  emotional distress).  Plaintiff's third cause of action, a First Amendment retaliation claim, lacks

8  administrative exhaustion.  As this court previously found, plaintiff's only relevant exhausted

9  grievance (set forth in Dkt. No. 20 at 9-10), is limited to plaintiff's complaints of inadequate

10 medical care; it contains no allegations, or inferred allegations, of retaliatory conduct.

11         This action should therefore proceed only on plaintiff's fourth cause of action,[3]

12 the alleged deliberate indifference to plaintiff's serious medical needs, pursuant to the Eighth

13 Amendment.  The court construes this claim broadly, to include plaintiff's "failure to protect"

14 allegations[4] made throughout the Second Amended Complaint.

15         For the foregoing reasons, IT IS HEREBY ORDERED that:

16         1.  This action shall proceed on plaintiff's Second Amended Complaint filed

17 November 12, 2010 (Dkt. No. 41), on plaintiff's Eighth Amendment claims against defendants

18 Burt, Sabin, Alchek, Steevers, Mehta, Coleman, Rosales, Azevedo, and "Doe 1."

19         2.  This court's prior order dismissing defendant Steevers from this action (Dkt.

20

21   [3]  The court defers consideration of plaintiff's fifth cause of action, for declaratory relief,
     until such time as the court considers plaintiff's other claims for relief, viz., permanent injunctive
     relief, and compensatory and punitive damages.

22

23   [4]  A deliberately indifferent failure to protect a prisoner's health safety is a violation of the
     prisoner's Eighth Amendment rights.  Farmer v. Brennan, 511 U.S. 825, 831 (1994).  "The
     question under the Eighth Amendment is whether prison officials, acting with deliberate

24   indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future
     health, and it does not matter whether the risk comes from a single source or multiple sources . .

25   ."  Id. at 843 (citation and internal quotations omitted).  "Because . . . prison officials who lacked
     knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials

26   to prove that they were unaware even of an obvious risk to inmate health or safety."  Id. at 844.

1  No. 25), is vacated.

2    3. The Attorney General, in cooperation with the California Department of

3  Corrections and Rehabilitation, is directed to submit, within twenty-one days after the filing date

4  of this order, and under seal if necessary, the address of Dr. Steevers for purposes of service of

5  process.

6    4. The Attorney General is also directed to submit, within twenty-one days after

7  the filing date of this order, if ascertainable in cooperation with the California Department of

8  Corrections and Rehabilitation, the identity of the correctional officer (designated "Doe 1"

9  herein) who allegedly opposed plaintiff's assignment to a low bunk at an Interdisciplinary

10 Treatment Team meeting convened between January and March 2006.

11   5. If the Attorney General is unable to provide the information identified above,

12 she shall so inform the court within twenty-one days after the filing date of this order.

13   6. Following the Attorney General's response to this order, the court will order

14 plaintiff's submission of the documentation necessary to serve process on the new defendants.

15 DATED:  March 27, 2012

16

17                      

18           KENDALL J. NEWMAN
          UNITED STATES MAGISTRATE JUDGE

19 pass2792.scrn.SAC

20

21

22

23

24

25

26

7