IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PASSER,

        Plaintiff,                      No. 2:08-cv-2792 TLN KJN P

    vs.

DR. STEEVERS, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner, proceeding in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 28, 2012, and April 25, 2012, this court directed the United States Marshal to serve process on defendants Burt, Sabin, Alchek, Steevers, Mehta, Coleman, Rosales, Azevedo, and Gavia, based on contact information provided by plaintiff. (ECF Nos. 45, 48.) Defendants Burt, Sabin, Steevers, Mehta, Rosales and Gavia have now appeared in this action. Service of process on defendants Alchek, Coleman and Azevedo remains outstanding. On April 15, 2013, the summons directed to Azevedo was returned unexecuted, with a notation that there was no forwarding address. (ECF No. 82.) Plaintiff was directed to provide further contact information within thirty days or, inter alia, seek the court's assistance in obtaining such information. (ECF No. 83.)

////

1

In response, plaintiff's counsel, who commenced representing plaintiff on October 26, 2012, requests the court's assistance in obtaining information essential to serving defendant Azevedo. (ECF No. 84.) Counsel avers that, "Defendant Azevedo is critical to plaintiff's action." (ECF No. 84 at 4.) Counsel states that she has independently sought to obtain Azevedo's service information, by contacting the California Medical Facility ("CMF") Litigation Coordinator, the California Correctional Peace Officers Association ("CCPOA"), the California Department of Corrections and Rehabilitation ("CDCR") personnel department, and the Deputy Attorney General representing defendant Rosales. Plaintiff's counsel now requests judicial intervention in obtaining the current contact information for defendant Azevedo, and notes the following (ECF No. 84 at 5):

> Defendant Rosales and Azevedo were coworkers at CMF.
>
> Because of this working relationship, defendant Rosales may possess information regarding contact information for defendant Azevedo.
>
> Plaintiff requests that the court compel defendant Rosales to disclose information that she possesses identifying the contact information for defendant Azevedo
>
> In the alternative, plaintiff requests that the court compel the Attorney General to engage in further efforts to locate contact information for defendant Azevedo.
>
> In the alternative, plaintiff requests that the court compel CMF or CDC to turn over employment records or work history for N-2 Housing Officers for 2006.

Meanwhile, on June 3, 2013, a representative of the United States Marshal informed a staff member of the undersigned, by telephone, that attempted service on Coleman and Alchek has also been unsuccessful -- specifically, that the first two of three addresses provided for Coleman proved incorrect, and there has been no response from Alchek to a summons and request for waiver mailed more than 60 days ago. As a result, a third summons and request for waiver will be mailed to Coleman, and personal service will be attempted on Alchek. It is not apparent that either attempted service will be successful, despite the Attorney

1  General's Office previously providing some contact information for defendants Coleman and
2  Azevedo (ECF No. 75), in response to a court order filed December 18, 2012 (ECF No. 74).
3  Further review of the information provided by the Attorney General indicates that both
4  defendants Coleman and Azevedo retired from CDCR in 2009.  If accurate, then the California
5  Public Employees' Retirement System ("CalPERS") may have the current contact information
6  for both parties.

7  　　　　　The duration of this case, and nature of the alleged claims, require the
8  implementation of any reasonable means to complete service of process.  The instant case was
9  filed nearly five years ago, challenging conduct that allegedly took place eight years ago.
10 Plaintiff alleges that defendants failed to timely authorize and implement a low bunk chrono,
11 after plaintiff broke his elbow, causing him to repeatedly fall in attempting to navigate his high
12 bunk, resulting in further injuries, particularly to his neck and knee; plaintiff also alleges that
13 medical staff were deliberately indifferent to his resulting serious medical needs.  These claims
14 warrant the court's full consideration.

15 　　　　　For these reasons, IT IS HEREBY ORDERED that:
16 　　　　　1.  Plaintiff's motion for judicial intervention (ECF No. 84), is granted.
17 　　　　　2.  Within thirty (30) days after the filing date of this order, Mr. Scott Foley,
18 Deputy Attorney General representing defendants Burt, Sabin, Steevers, Mehta, Rosales and
19 Gavia, is directed to:
20 　　　　　a.  Obtain from each of these defendants the most recent contact information for
21 defendants Azevedo, Coleman and Alchek; each of these defendants is directed to provide such
22 information, if available;
23 　　　　　b.  Request such information from CalPERS;
24 　　　　　c.  Review the employment records and work history for N-2 Housing Officers for
25 2006, to obtain the same information;
26 　　　　　d.  Provide all new contact information in writing to plaintiff's counsel; and

    e. File a statement with the court noting the completion of these tasks, whether the subject information was obtained, and whether plaintiff's counsel was timely notified.

    3. Within thirty (30) days after the filing date of this order, Mr. Mark Harris, attorney for defendant Steevers, is also directed to obtain from his client the most recent contact information for defendants Azevedo, Coleman and Alchek; Dr. Steevers is, in turn, directed to provide such information, if available, to his counsel. Also within thirty days after the filing date of this order, Mr. Harris shall provide any new contact information in writing to plaintiff's counsel, and file a statement with the court noting the status of these efforts.

    4. Within forty-five (45) days after the filing date of this order, plaintiff, through counsel, shall submit all pertinent information necessary to complete service of process on defendants Azevedo, Coleman and Alchek, which the court will forward to the United States Marshal.

    5. If service of process on defendants Azevedo, Coleman or Alchek has not been completed by November 1, 2013, the court will, nevertheless, issue a Discovery and Scheduling Order, and this action will proceed without prejudice to the subsequent inclusion of one or more of these defendants.

    6. The Clerk of Court is directed to serve a copy of this order on the United States Marshal. The Marshal is directed to continue attempting to complete service of process on defendants Azevedo, Coleman and Alchek, with currently available contact information, until further notice by the court.

    SO ORDERED.

DATED: June 13, 2013

              _____
               KENDALL J. NEWMAN
               UNITED STATES MAGISTRATE JUDGE

pass2792.srvc.mtrs.