UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PASSER, | No. 2:08-cv-2792 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. STEEVERS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983. Since October 26, 2012, plaintiff has been represented by attorney Beth H. Hodess on a pro bono basis. Plaintiff now requests the formal appointment of Ms. Hodess to represent him in this action. Ms. Hodess is admitted to practice before this court and is a member of this court's Pro Bono Panel. Plaintiff and Ms. Hodess have each filed an affidavit in support of the instant request for appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

1

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff states that he requires appointment of counsel due to the complexity of issues, and need for expert opinion, concerning his claims of deliberate indifference to plaintiff's serious medical needs.  Plaintiff states that Ms. Hodess has notified him that, absent appointment by the court, she must withdraw her representation due to the lack of financial resources necessary to proceed with discovery.  Plaintiff states that he remains indigent, which the court previously found persuasive in granting plaintiff in forma pauperis status.

Ms. Hodess states that, within the last year, she represented two other indigent inmates, with discovery costs financed by the inmates' benefactors.  Plaintiff contacted Ms. Hodess in late August 2012, who agreed to represent plaintiff after conducting "multiple interviews with Plaintiff, and review[ing] numerous documents including pleadings and other court filings regarding Plaintiff's claims." (ECF No. 93 at 6.)  Ms. Hodess thereafter "spent numerous hours analyzing the complex issues in this case" (id.), and sought to perfect service of process on each of the defendants.  Ms. Hodess joined the Eastern District's Pro Bono Panel in December 2012.  Ms. Hodess states that she is available to assist plaintiff in the preparation and presentation of his case through trial, but lacks the funds necessary to proceed with discovery and other necessary expenditures.

The court finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting the appointment of counsel.  As set forth in the court's findings and recommendations and order denying defendants' motion to dismiss, this case involves complex medical issues concerning plaintiff's neck and knee.   (See ECF Nos. 32, 33.)  The denial of defendants' motion to dismiss indicates that plaintiff has some likelihood of success on the merits of his claims.  Moreover, Ms. Hodess has demonstrated that her understanding and articulation of plaintiff's claims benefit both plaintiff and the court.  Ms. Hodess' familiarity with this action,

2

1  and willingness to represent plaintiff on a pro bono basis are additional factors supporting her
2  appointment in this action.
3        Accordingly, IT IS HEREBY ORDERED that:
4        1.  Plaintiff's September 24, 2013 motion for appointment of counsel (ECF No. 93), is
5  granted.
6        2.  Ms. Beth H. Hodess is appointed as counsel in the above-entitled matter.
7        3.  Appointed counsel shall notify Sujean Park at (916) 930-4278, or via email at
8  spark@caed.uscourts.gov if she has any questions related to the appointment.
9        4. The Clerk of the Court is directed to serve a copy of this order upon Ms. Beth H.
10 Hodess, Law Offices Of Beth H. Hodess, 4600 Market Street, Oakland, CA 94608.
11       SO ORDERED.
12 Dated:  October 3, 2013

                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

15 pass2792.31+appt.